**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT JOHNSTON, | No.  15-15033 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-01353-CMK |
| v. | |
| CITY OF RED BLUFF, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted May 18, 2018**

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Scott Johnston appeals pro se from the district court's summary judgment
and judgment as a matter of law in Johnston's action alleging that defendants failed
to promote him and terminated his employment in violation of the Age
Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., his due

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process rights, and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shelley v. Geren*. 666 F.3d 599, 604 (9th Cir. 2012) (summary judgment), *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (judgment as a matter of law). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

To the extent that Johnston's due process claim is premised on defendants' failure to promote him, the district court properly granted summary judgment because Johnston failed to raise a triable dispute as to whether he was deprived of any protected property interest. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 873 (9th Cir. 1998) ("Until someone actually receives a promotion, or at least a binding assurance of a forthcoming promotion, he cannot claim a property interest in the promotion."). To the extent that the claim is premised on defendants' termination of his employment, Johnston failed to raise a triable dispute as to whether defendants failed to comply with the grievance procedures established in the collective bargaining agreement or whether those procedures were constitutionally inadequate. *See Armstrong v. Meyers*, 964 F.2d 948, 950 (9th Cir. 1992) ("A public employer may meet its obligation to provide due process through

grievance procedures established in a collective bargaining agreement, provided, of course, those procedures satisfy due process.").

The district court properly granted summary judgment on Johnston's ADEA claim premised on the reduction in workforce because Johnston failed to raise a triable dispute as to whether his termination was motivated by a discriminatory purpose. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000) (at summary judgment, "[i]n response to [defendants'] offer of nondiscriminatory reasons [for the adverse employment action, the plaintiff] must produce specific, substantial evidence of pretext" (citation and internal quotation marks omitted)).

Summary judgment on Johnston's claim alleging that individual defendants conspired to violate the ADEA was proper because the ADEA does not impose individual liability on employees. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding that individual defendants cannot be held liable for damages under the ADEA).

The district court properly granted judgment as a matter of law on Johnston's remaining ADEA claim because Johnston failed to provide evidence at trial that age was the "but-for" cause of defendants' failure to promote him. *See Shelley*. 666 F.3d at 607 ("To prevail on a claim for age discrimination under the

3

ADEA, a plaintiff must prove at trial that age was the 'but-for' cause of the employer's adverse action.").

The district court properly granted summary judgment on Johnston's negligence claim because the California Workers' Compensation scheme generally is the sole and exclusive remedy against employers for injuries arising during the course of employment. *See* Cal. Lab. Code § 3602(a); *Miklosy v. Regents of Univ. of Cal.*, 188 P.3d 629, 645-46 (Cal. 2008) ("To the extent [a] plaintiff purports to allege any distinct cause of action, not dependent upon the violation of an express statute or violation of fundamental public policy, but rather directed at the *intentional, malicious* aspects of defendants' conduct," workers' compensation laws bar the claim (citation and internal quotation marks omitted)).

**AFFIRMED.**